IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENZEL PRICE,** **#Y46901,** | |
| Plaintiff, | Case No. 22-cv-00892-SPM |
| v. | |
| **PINCKNEYVILLE CORRECTIONAL CENTER,** **NURSE ANETT, and** **C/O HUE,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Denzel Price, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center filed this action alleging he was denied medical treatment when he experienced low blood sugar caused by his type 2 diabetes. While not indicated on the civil rights complaint form, the Court construes his Complaint as being brought pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights. This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## COMPLAINT

Price states that he has pancreatitis, high and low blood pressure, untreated vision problems and type 2 diabetes. On February 15, 2022, around 2:44 a.m., Price told a correctional officer, who identified himself as Hues, that his blood sugar was low, he was shaking, and he needed to see a

nurse. (Doc. 1, p. 6). Hues kept walking past his cell. At 3:30 a.m., the "med line nurse," Nurse Anett, made Price wait 35 minutes before she checked his blood sugar levels. Anett falsely told him that if his blood sugar was low, she would provide Price with blood sugar booster tabs. Price's blood sugar level was 68.

## PRELIMINARY DISMISSAL

Pinckneyville Correctional Center is an IDOC facility and not a person subject to suit for money damages under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). As such, Pinckneyville Correctional Center will be dismissed with prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Nurse Anett and Correctional Officer Hue for delaying and denying Prince treatment for his diabetes on February 15, 2022.

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez.*, 577 F.3d at 828 (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). In cases where a plaintiff is claiming he was subjected to an unnecessary delay in treatment, rather than a denial of care, the delay in treating the condition may "constitute deliberate indifference when it exacerbates an existing condition or causes an inmate unnecessary pain." *Hotchkiss v. Davis*, 713 F. App'x 501, 505 (7th Cir. 2017) (citations omitted).

As pled, Price's allegations are too sparse to state an actionable Eighth Amendment claim. Price has failed to plead that Defendants acted intentionally and recklessly to harm him. Price mentions a single instance where he had to wait a little over an hour to see a nurse for low blood sugar, and isolated instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997). *See also Owens v. Duncan,* 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference). The Court also cannot discern if Price is claiming he did not receive care at all once he was seen by Anett or if she only denied him his requested form of treatment – blood sugar booster tabs, and a mere disagreement with a health care provider's chosen course of medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996). The Court further notes that Price does not allege that he suffered from any kind of harm as a result of the delay.

Because Price has failed to state a claim for relief, the Complaint does not survive preliminary review under Section 1915 A. Price will be given an opportunity to replead his claims in an amended complaint if he wishes to proceed with this case.

## DISPOSITION

For the reasons stated above, the entire Complaint, including Count 1, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Price is **GRANTED** leave to file a "First Amended Complaint" on or before **June 15, 2023**. Should Price fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Price use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00892-SPM). To enable Price to comply with this Order, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Price must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Price is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Price is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 18, 2023**

<u>  s/Stephen P. McGlynn  </u>
**STEPHEN P. MCGLYNN**
**United States District Judge**