IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENZEL PRICE,**
**#Y46901,**

             **Plaintiff,**

v.

**NURSE ANETT,** *et al.*,

             **Defendants.**

Case No. 22-cv-00892-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion filed by Plaintiff Denzel Price asking the Court to reconsider the order dismissing the case for failure to state a claim, failure to comply with an order of the Court, and for failure to prosecute. (Doc. 11, 16).[1] For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff initiated this case while incarcerated at Pinckneyville Correctional Center by filing a Complaint pursuant to Section 1983. Plaintiff alleged that on February 15, 2022, he had been denied adequate medical care for his low blood sugar. At the time of filing, Plaintiff was sent an order from the Court notifying him that if his address changes, he must notify the Court within seven days of the change. (Doc. 4). He was warned that failure to do so could result in the dismissal of the case. The Court dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A, and Plaintiff was granted leave to file an amended pleading by June 15, 2023. (Doc. 7). In

---

[1] On August 7, 2023, Plaintiff filed three unsigned documents: Motion for Reconsideration, Motion for Leave to Proceed IFP, and an Amended Complaint. (Doc. 11, 12, 13). In accordance with Federal Rule of Civil Procedure 11, Plaintiff was directed to sign and return the documents, which he did. (*See* Doc. 14, 15, 16, 17).

the dismissal order, Plaintiff was again instructed to notify the Court if his address changes and warned that failure to update his address with the Court may result in dismissal of the case for want of prosecution. Plaintiff missed the deadline, and the case was dismissed for failure to state a claim and for Plaintiff's failure to prosecute his claims and comply with a court order. (Doc. 8). Judgment was entered on June 22, 2023. On June 29, 2022, the blank civil rights forms that the Court had mailed to Plaintiff in order to assist him in amending his complaint were returned and marked as undeliverable because Plaintiff had been "paroled or discharged" as of June 12, 2023. (Doc. 10).

## MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider, and Plaintiff does not indicate the rule upon which he relies. As Plaintiff is requesting relief from the judgment and does not argue that the Court committed a manifest error of law or fact, the Court construes the motion as being brought pursuant to Federal Rule of Civil 60(b). *See United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). Rule 60(b) permits a court to vacate a judgment, order, or proceeding based on one of six specific grounds:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
(6) Any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

It appears that Plaintiff is asking the Court to vacate the judgment due to excusable neglect.

He states that he has been "locked away going to jail after jail and [he] just learned about the lawsuit a few days ago. I had no idea about what I had to do." (Doc. 11, 16). He goes on to say that the law library refused to bring him the information he needed before June 15, 2023. Plaintiff acknowledges that he missed the deadline and asks the Court to reconsider his case.

The Court finds that Plaintiff has failed to demonstrate excusable neglect. Whether a failure is "excusable" under Rule 60(b)(1) depends on "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, Plaintiff's motion is vague and overly generalized. While it may be difficult to keep up with court proceedings when being transferred to different correctional facilities, he does not provide the Court with any dates concerning his movements, specifics on his whereabouts, and it is not clear what information he was denied by the law library and when. Most importantly, Plaintiff does not give a reason for why he failed to notify the Court his address had changed, as previously directed. (Doc. 4, 8). Plaintiff's failure to follow the Court's instructions to keep the court updated about his address is not grounds for reopening the case. *See Harris v. Emanuele,* 826 F. App'x 567, 568 (7th Cir. 2020); *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020).

There are also not any exceptional circumstances justifying the relief Plaintiff seeks. A review of the amended complaint shows that Plaintiff has failed to state a constitutional claim under Section 1983 and allowing him to amend would be futile. *See Timas v. Klaser,* 23 F. App'x 574, 578 (7th Cir. 2001) ("Even where a plaintiff retains the right to amend once as a matter of course, 'a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading,' or if it 'could not survive' a motion to dismiss." (quoting *Perkins v. Silverstein,* 939 F. 2d 463, 472 (7th Cir. 1991))). Like the original Complaint, Plaintiff

claims that on February 15, 2022, around 2:45 a.m. he requested to see Nurse Annett because he has type 2 diabetes, and his blood sugar "was running low." (Doc. 15, p. 7). He yelled out to Correctional Officer Hues for help, but Hues kept walking and said the nurse would be by around 3:30 a.m. The Nurse Annett came to his cell at 3:20 a.m., and Plaintiff told her he needed "some tabs" to boost his blood sugar because he was not feeling very well and shaking very badly. Annett told Plaintiff that he would have to wait another 30 to 45 minutes because she had other things she had to do first. Correctional officers came to escort Plaintiff from his cell "almost an hour later," and he was unable to "keep himself up" because his blood sugar had fallen to 58. He still was not provided tabs to boost his blood sugar. (*Id.*).

Again, there are no facts from which the Court can plausibly infer that Correctional Officer Hues or Nurse Annett exhibited deliberate indifference by acting in an intentional and reckless manner towards his low blood sugar. While their conduct may have been negligent by making him wait for treatment, "negligence, gross negligence, or even recklessness" is not sufficient to violate the Eighth Amendment. *See Hildreth v. Butler,* 960 F. 3d 420, 425-26 (7th Cir. 2020). Furthermore, Plaintiff only experienced this delay in care on one occasion. As the Court previously stated, "isolated instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference." (Doc. 7, p. 3) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997); *Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019)). For these reasons, Plaintiff has failed to state a claim against Hues and Arnett for an Eighth Amendment violation. Plaintiff also cannot sue the State of Illinois under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983 [when sued for damages]."). Because Plaintiff's second attempt to state a plausible claim for relief has failed, it would be futile for the Court to reopen the case and allow him to amend.

Accordingly, Plaintiff has failed to show any circumstances necessitating relief under Rule 60, and the motion for reconsideration is **DENIED.** (Doc. 11, 16). The motion for leave to proceed *in forma pauperis* ("IFP") is **DENIED as moot**. (Doc. 12, 17). Plaintiff was previously granted leave to proceed IFP on May 9, 2022. (Doc. 6).

**IT IS SO ORDERED.**

**DATED:   October 20, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**